**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4286

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALVIN BREWER, a/k/a Avenue,

Defendant - Appellant.

No. 13-4287

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALVIN BREWER,

Defendant - Appellant.

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:96-cr-00004-MOC-3; 3:01-cr-00027-MOC-1)

Submitted: December 26, 2013        Decided: January 13, 2014

Before DAVIS, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

William R. Terpening, NEXSEN PRUET, PLLC, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Melissa L. Rikard, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alvin Brewer appeals the district court's judgments revoking his supervised release for two separate convictions involving crack cocaine and sentencing him to a total of forty-six months' imprisonment. On appeal, Brewer's sole contention is that the district court erred when it classified one of those offenses ("2001 offense") as a Class A felony. Brewer contends that in light of changes to the federal sentencing regime effected under the Fair Sentencing Act of 2010, his 2001 offense should be deemed a Class B felony. We reject his contention and affirm.

Because Brewer did not properly preserve this argument in the district court and did not argue for a different sentence at the revocation hearing, our review is for plain error. See Henderson v. United States, 133 S. Ct. 1121, 1124-27 (2013) (discussing plain error standard). To persuade us to "correct a forfeited error," the defendant must show "(1) there is an error, (2) the error is plain, and (3) the error affects substantial rights." Henderson, 133 S. Ct. at 1126 (internal quotation marks and alteration omitted). Even if these requirements are met, we will notice the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 1126-27 (internal quotation marks and alteration omitted).

Having fully considered Brewer's argument, we conclude that the district court did not commit error, plain or otherwise. Because a supervised release revocation sentence relates to the original offense, the district court looks to "the underlying offense as it existed at the time of [defendant's] original sentencing" when determining the appropriate revocation sentence. United States v. Turlington, 696 F.3d 425, 427-28 (3d Cir. 2012). Therefore, the district court properly construed the 2001 offense as a Class A felony.

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED